IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARANDELL CORPORATION, *et al.*,

    Plaintiffs,

v.

XCEL ENERGY, INC., *et al.*,

    Defendants.

OPINION and ORDER

07-cv-76-wmc

---

NEWPAGE WISCONSIN SYSTEM INC.,

    Plaintiff,

v.

CMS ENERGY RESOURCE MANAGEMENT COMPANY, *et al.*,

    Defendants.

09-cv-240-wmc

---

In these two consolidated class action lawsuits, plaintiffs allege price fixing in natural gas sold by defendants to industrial and commercial users between 2000 and 2002. Both cases were part of an MDL action for 12 years, during which time the MDL court coordinated pretrial proceedings and made a number of rulings regarding dispositive issues. In late 2019, the cases were remanded to this court for trial and the final resolution of certain issues, including class certification and plaintiffs' request for reconsideration of the MDL court's summary judgment ruling regarding settlement releases. The court entered a scheduling order on November 27, 2019, setting briefing deadlines for outstanding issues and a date for trial. Dkt. 200, case no. 07-cv-76; dkt. 87, case no. 09-cv-240.[1] Pursuant to the scheduling order, plaintiffs filed a

---

[1] For convenience purposes, the court will refer only to the docket entries in case no. 07-cv-76 from this point forward.

motion for class certification and a motion for reconsideration, which are currently before the court and will be addressed by Judge Conley in a separate order.

Meanwhile, on September 25, 2020, defendants requested that the court order plaintiffs to supplement their Rule 26(a) disclosures regarding their alleged damages on the ground that publicly-available information and plaintiffs' counsel's representations during a August 6, 2020 settlement hearing raised questions about whether plaintiffs already have been fully compensated for their claims and are adequate representatives of the putative classes. Dkt. 246. However, because plaintiffs promised to supplement their disclosures, the court denied defendants' motion without prejudice to defendants renewing their motion at a later date if necessary. Dkt. 252. Having found plaintiffs' October 15, 2020 supplemental disclosures deficient, defendants renewed their motion to compel in November 2020. Dkt. 253. Before the court are that motion and defendants' motion for leave to file a reply brief in support of their motion, dkt. 262.

For the reasons below, I am denying defendants' request to file a reply brief and granting defendants' motion to compel only as it relates to the source of the damages numbers identified in plaintiffs' supplemental disclosures. Defendants' motion will be denied in all other respects.

## OPINION

In their October 2020 supplemental Rule 26(a) disclosures, plaintiffs make clear that they are asserting two theories of recovery for defendants' alleged antitrust conspiracy: (1) the full-consideration remedy under Wisconsin Statute § 133.14, which allows an aggrieved plaintiff to recover "any payment made upon, under or pursuant to [a] contract or agreement" that "is

2

founded upon, is the result of, grows out of or is connected with [an antitrust] violation" under Wis. Stat. § 133.03; and (2) treble actual damages under Wisconsin Statute § 133.18, based on purported overcharges resulting from the alleged antitrust conspiracy. Dkt. 254-1 at pp. 5-6. Plaintiffs identified a full consideration remedy with respect to each defendant and two different treble damage totals for each defendant—one based on the expert report of Drs. Harris and Dwyer and another based on the expert report of Dr. Bateman. According to plaintiffs, Harris and Dwyer analyzed treble damages from a "bottom up" micro perspective that models the market "but for" defendants' price-fixing misconduct and calculates the distortion to price caused by each price-fixing act. On the other hand, Dr. Bateman's model uses a "top down" macro perspective to capture the cumulative effect of defendants' price-fixing.

Defendants argue that plaintiffs' disclosures are deficient because plaintiffs generally failed to: (1) differentiate how much each individual plaintiff seeks to recover in full consideration from each defendant; (2) disclose the calculations used to generate any of their disclosed numbers; and (3) identify the specific documents supporting their totals. They contend that even if a class is certified, plaintiffs have an obligation to provide individual damages computations under Rule 26(a). Therefore, defendants ask that the court order plaintiffs to disclose:

> 1. The amount, calculation, methodology, and supporting documents for the full-consideration recovery that each named plaintiff seeks from each defendant, including the specific contracts each plaintiff seeks to void; and
>
> 2. The calculations and supporting documents for plaintiffs' treble damages, including the specific model or index that plaintiffs applied to their respective purchases to calculate each individual plaintiff's treble damages.

For their part, plaintiffs argue that additional disclosure is unnecessary because they will be seeking full consideration and treble damages on a class-wide basis. They also argue that even though defendants style their motion as one to compel Rule 26(a) disclosures, it is actually a backdoor attempt to reintroduce and relitigate substantive or merits arguments that defendants lost in the MDL court, or to introduce new, untimely matters that defendants failed to raise in the past 12 years. Defendants vehemently oppose plaintiffs' argument and have asked to file a reply brief to correct what they characterize as plaintiffs' "factual misstatements and erroneous legal positions." Dkt. 260 at 1.

Defendants raise fair points with respect to the source of the damage amounts and plaintiffs' individual damage calculations, but those arguments only go so far. After reviewing the parties' submissions, I agree that defendants' stated reasons for most of the requested information appear to relate to the merits of plaintiffs' claims—including their pending motion for class certification—and in some instances, seek to relitigate issues that have been resolved by the MDL court. Although defendants disagree and ask to explain their position in a reply brief, further argument will not be helpful at this point. The issues raised by defendants go well beyond the scope of a motion to compel and should be addressed–if necessary or appropriate– by Judge Conley, after he issues rulings on plaintiffs' motions for reconsideration and class certification.

For now, I will order plaintiffs to supplement their Rule 26(a) disclosures to identify the source of the damage figures that they identified for each defendant. Plaintiffs have not made clear exactly where the figures for their full consideration relief came from or how they were calculated. With respect to the treble damages amounts, plaintiffs generally refer to the models

4

used by their experts and the extensive disclosures and documents produced in the past 12 years, but they have not explained whether their experts made these calculations or whether they appear elsewhere in the record. I will give plaintiffs until December 3, 2021 to provide this information.

## ORDER

IT IS ORDERED that:

(1) Defendants' motion for leave to file a reply brief, dkt. 260 in case no. 07-cv-76 and dkt. 147 in case no. 09-cv-240, is DENIED.

(2) Defendants' motion to compel, dkt. 253 in case no. 07-cv-76 and dkt. 140 in case no. 09-cv-240, is GRANTED in part and DENIED in part:

   a. Not later than December 3, 2021, plaintiffs shall supplement their Rule 26(a) disclosures with respect to the source of their damage calculations, in accordance with this order.

   b. The motion is DENIED in all other respects.

Entered this 2nd day of November, 2021.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge