IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARANDELL CORPORATION, MERRICK'S, INC.,
SARGENTO FOODS, INC., BRIGGS &
STRATTON CORPORATION, CARTHAGE
COLLEGE, and LADISH CO., INC,

                Plaintiffs,

   v.

XCEL ENERGY INC., NORTHERN
STATES POWER COMPANY, CANTERA
GAS COMPANY, LLC, CMS ENERGY
CORPORATION, CMS ENERGY RESOURCE
MANAGEMENT COMPANY, DYNERGY
ILLINOIS, INC., DYNERGY GP INC.,
DYNERGY MARKETING & TRADE,
E PRIME, INC., THE WILLIAMS COMPANIES,
INC., WILLIAMS POWER COMPANY now
known as WILLIAMS GAS MARKETING, INC.,
WILLIAMS MERCHANT SERVICES
COMPANY, INC., and DMT G.P. L.L.C.,

                Defendants.

OPINION AND ORDER

07-cv-076-jdp

---

NEWPAGE WISCONSIN SYSTEM INC.,

                Plaintiff,

   v.

CMS ENERGY RESOURCE MANAGEMENT
COMPANY, CMS ENERGY CORPORATION,
CANTERA GAS COMPANY, LLC formerly
known as CMS FIELD SERVICES, INC.,
XCEL ENERGY INC., NORTHERN STATES
POWER COMPANY, DYNERGY ILLINOIS INC.,
DMT G.P. L.L.C., DYNERGY GP INC., DYNERGY
MARKETING & TRADE, E PRIME, INC., THE
WILLIAMS COMPANIES, INC., WILLIAMS
POWER COMPANY, INC., and WILLIAMS
MERCHANT SERVICES COMPANY, INC.,

                Defendants.

09-cv-240-jdp

Plaintiffs' motion for class certification under Federal Rule of Civil Procedure 23 has been granted, Dkt. 268, and is now on appeal, Dkt. 285.[1]

Three motions are before the court: defendants' motion to stay the case pending resolution of the interlocutory appeal, Dkt. 269, plaintiffs' motion for a status conference to set a trial date, Dkt. 281, and plaintiffs' motion for preliminary approval of a class settlement with a group of defendants, the Williams defendants, Dkt. 275.[2]

The court begins with the motion for stay pending appeal. Four factors are pertinent to the matter: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies. *Epenscheid v. DirectSat USA,* LLC, No. 09-cv-625-bbc, 2011 WL 2132975, at *2 (W.D. Wis. May 27, 2011) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The court uses a "sliding scale" approach: the greater the moving parties' likelihood of success on the merits, the less heavily the balance of harms must weigh in their favor, and vice versa. *In re A & F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014).

The court of appeals granted defendants' request for interlocutory review, which suggests some chance of success on the merits. The court of appeals limited the issue to whether the district court had properly assessed plaintiffs' expert evidence in certifying the class. But that's a critical issue, and at this point it seems that there is a chance that the court of appeals

---

[1] Docket citations are to case number 07-cv-076-jdp.

[2] Defendants also filed a motion for leave to file a reply in support of their motion to stay, attaching their proposed reply brief. Dkt. 274. The court will grant that motion and has reviewed the reply.

would remand to this court for a fuller assessment of the plaintiffs' experts. Plaintiffs' expert evidence might ultimately pass muster, even if the court of appeals calls for more rigorous scrutiny on remand. But I'll consider defendants to have made a substantial enough showing of likely success on appeal to move to the other factors.

Because this is a class action, both sides and the court would expend substantial resources moving the case along. Some of that effort would be wasted if the class certification decision is ultimately reversed. More important, class action status gives the plaintiffs a lot of leverage; defendants would be unfairly disadvantaged if they had to proceed with the case now under the assumption that they faced a class action, only to have class action status revoked. Plaintiffs have identified no special harm that they would face, other than the inevitable indeterminate delay that comes in waiting for the court of appeals decision. I conclude that the defendants face the potential for irreparable harm, and that the balance of hardships tips in favor of defendants.

This is an important case, but it involves long-past misdeeds and injuries. I see no substantial impairment of the public interest in waiting for the decision from the court of appeals. I agree with plaintiffs that this case has languished a long time and that "stay" is usually a four-letter word when it comes to case management. But this is one of those cases where taking the chance of doing it over is worse than dragging it out.

The court will grant defendants' motion and stay most proceedings pending resolution of defendants' appeal. I will also deny plaintiffs' request for a status conference.

There is one exception. Plaintiffs reached a settlement with the Williams defendants after defendants moved for the stay pending appeal. Dkt. 276-1 (settlement agreement

executed October 21, 2022). The court will address the motion to approve that settlement, Dkt. 275, in a separate order.

ORDER

IT IS ORDERED that:

1. Defendants' motion to stay the case pending resolution of their interlocutory appeal, Dkt. 269, is GRANTED, except for proceedings related to the settlement with the Williams defendants.

2. Defendants' motion for leave to file a reply in support of their motion to stay, Dkt. 274, is GRANTED.

3. Plaintiffs' motion for a status conference, Dkt. 281, is DENIED.

Entered January 6, 2023.

BY THE COURT:

/s/_____
JAMES D. PETERSON
District Judge