## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

ARANDELL CORPORATION, *et al.,*

        Plaintiffs,

v.

XCEL ENERGY, INC., *et al.*,

        Defendants.

Case No. 3:07-cv-00076-jdp

---

NEWPAGE WISCONSIN SYSTEM INC.,

        Plaintiffs,

v.

CMS ENERGY RESOURCE MANAGEMENT
COMPANY, *et al.*,

        Defendants.

Case No. 3:09-cv-00240-jdp

---

### AMENDED FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO THE WILLIAMS COMPANIES, INC., WILLIAMS MERCHANT SERVICES COMPANY LLC (F/K/A WILLIAMS MERCHANT SERVICES COMPANY, INC., AND WPX ENERGY MARKETING, LLC (F/K/A WILLIAMS POWER COMPANY, INC.

This matter has come before the Court to determine whether there is any cause why this Court should not grant final approval to the settlement between Plaintiffs in the above-captioned action (the "Wisconsin Actions") on behalf of the Wisconsin Class, The Williams Companies, Inc., Williams Merchant Services Company LLC (f/k/a Williams Merchant Services Company, Inc.), and WPX Energy Marketing, LLC (f/k/a Williams Power Company, Inc.) (collectively "Williams"), as set forth in the Settlement Agreement dated October 21, 2022 (the "Agreement"). The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined

(1) that the settlement should be approved, and (2) that there is no just reason for delay of the entry of this final judgment order ("Final Judgment Order") approving the Agreement. Accordingly, the Court directs entry of judgment, which shall constitute a final adjudication of the Wisconsin Actions on the merits in accordance with the terms of the Agreement. Good cause appearing therefor, it is:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Court has jurisdiction over the subject matter of the Wisconsin Actions and over all parties to the Agreement, including all members of the Wisconsin Class, based upon the Court's findings and conclusions herein that such settlement class members have been afforded the due protections of notice, an opportunity to be heard, a right to exclude themselves from the Wisconsin Class, and adequate representation. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).

2.      All terms defined in the Agreement and used, but not otherwise defined, herein shall have the meanings ascribed to them in the Agreement, all of which are incorporated herein as though fully set forth in this Final Judgment Order.

3.      By its Preliminary Approval Order dated March 7, 2023, the Court certified a settlement class against Williams under Federal Rule of Civil Procedure 23(b)(3). The Class is defined as follows:

a.      "**Wisconsin Class**" means:

> All industrial and commercial purchasers of natural gas for their own use or consumption during the period from January 1, 2000 until October 31, 2002, and which gas was used or consumed by them in Wisconsin. Excluded from the Class are (a) entities that purchased natural gas for resale (to the extent of such purchase for resale); (b) entities that purchased natural gas for generation of electricity for the purpose of sale (to the extent of such purchase for generation); (c) entities that purchased natural gas from entities that sold natural gas at rates approved by the Wisconsin Public Service

Commission (to the extent of such purchases at such approved rates); (d) defendants and their predecessors, affiliates and subsidiaries; and (e) the federal government and its agencies.

b. "Class Member" means each member of the Wisconsin Class who did not timely and properly elect to be excluded from the Wisconsin Class in accordance with the Class Notice previously approved by the Court.

c. "Class Period" means the period from January 1, 2000, through October 31, 2002.

4. The Wisconsin Actions are, for settlement purposes only, certified as a class action against Williams pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure as to the Wisconsin Class and with respect to the Class Period. Certification of the Wisconsin Class is appropriate because:

a. The Court finds that the requirements of Rule 23(a) of the Federal Rules of Civil Procedure have been met in that:

(i) Plaintiffs have demonstrated that, for purposes of the settlement class only, the Wisconsin Class is so numerous that joinder of all members is impracticable;

(ii) Plaintiffs have demonstrated that, for purposes of the settlement class only, Plaintiffs' claims against Williams and the defenses thereto present questions of law or fact common to the Wisconsin Class;

(iii) Plaintiffs have demonstrated that, for purposes of the settlement class only, the claims against Williams brought by the Plaintiffs in the Wisconsin Actions, as industrial and commercial purchasers of natural gas for their own use and consumption during the Class Period, are typical of the claims of, or defenses to the claims of, members of the Wisconsin Class against Williams;

3

(iv)     Plaintiffs have demonstrated that, for purposes of the settlement class only, Class Counsel for the Wisconsin Class have fairly, adequately, and vigorously represented the interests of the Wisconsin Class as respects claims against Williams; and

(v)     Plaintiffs have demonstrated that, for purposes of the settlement class only, and based on their active participation in discovery and the settlement, Plaintiffs in the Wisconsin Actions have fairly, adequately, and vigorously represented the interests of the Wisconsin Class as respects Williams.

b.     The Court finds that, for settlement purposes only, the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure have been met in that:

(i)     Plaintiffs have demonstrated that, for purposes of the settlement class only, common questions of law or fact predominate over any questions affecting only individual members of any of the Wisconsin Class;

(ii)     Plaintiffs have demonstrated that, for purposes of the settlement class only, there are no competing actions or any suggestions that a more efficient alternative to the Wisconsin Actions against Williams exists, and the Wisconsin Actions are the superior method for the fair and efficient adjudication of this controversy; and

(iii)     Manageability for trial purposes is not an issue at the settlement stage and need not be considered in determining whether to certify the Wisconsin Class herein for purposes of settlement. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

4

c.  Certification of the Wisconsin Actions as a class action, for the purpose of settlement, is desirable to facilitate resolution of complex litigation such as this litigation.

5.  The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Wisconsin Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  In reaching this determination, the Court has, based upon the evidence presented and its independent inquiry, analysis, and due diligence, considered: (a) the serious questions of fact and law raised by Plaintiffs' claims and Williams's potential defenses in the Wisconsin Actions; (b) the risk, expense, complexity, and likely duration of further litigation; (c) the risk of obtaining, and maintaining throughout trial and potential appeal, class action status; (d) the benefits of the settlement; (e) the extent of discovery completed and the stage of the proceedings; (f) the experience and views of counsel that the settlement is fair and reasonable; and (g) the reaction(s) of the Wisconsin Class members to the settlement (both as to the number of requests for exclusion from the Wisconsin Class and as to the number and nature of the objections to the settlement).

6.  The Court hereby finds and concludes that the notice given to the Wisconsin Class complied with this Court's Preliminary Approval Order dated March 7, 2023, and that said notice was the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, including, but not limited to, the form of notice and methods of identifying and giving notice to the Wisconsin Class of, *inter alia*, the settlement terms, their rights to object to or exclude themselves from the settlement (and the procedures to do so), and the Fairness Hearing.  The Court further finds and

concludes that the notice provided by Williams pursuant to the Class Action Fairness Act complied

with all requirements of 28 U.S.C. §1715.

7.      Pursuant to Fed. R. Civ. P. 23(g), Kohner, Mann & Kailas, S.C., Perkins Coie LLP,

and Polsinelli PC are appointed as co-counsel for the Wisconsin Class.  These firms have and will

fairly, adequately, vigorously, and competently represent the interests of the Wisconsin Class. In

particular, the Court finds that the Agreement is the result of extensive, good-faith arms-length

negotiations between the parties, and not the result of any collusion or reverse auction.

8.      As of the June 5, 2023 deadline designated in this Court's Preliminary Approval

Order, no persons/entities requested exclusion from the Wisconsin Class.  Because no member of

any of the Wisconsin Class submitted a timely and valid request, or indeed, any request for

exclusion from the Wisconsin Class, all members of any of the Wisconsin Class are hereby (i)

barred from asserting otherwise and (ii) bound by the terms of the Agreement, including the

releases of claims, and by this Final Judgment Order.

9.      There were no objections filed to this settlement. Any member of the Wisconsin

Class who failed to object or seek to intervene is conclusively deemed to have waived the right to

object or intervene and is barred from raising any objection to the settlement or this Final Judgment

Order in this or any other proceeding, including in an appeal.

10.     This Court hereby dismisses on the merits and with prejudice, with each party to

bear its own costs and attorneys' fees, these Wisconsin Actions as against Williams and as to all

members of any of the Wisconsin Class.

11.     Pursuant to Paragraph 17 of the Agreement, Releasees are hereby completely

released, acquitted, and forever discharged by Releasors from any and all claims, demands,

actions, suits, causes of action for injuries, losses, damages, or other consequences of every nature

(whether known or unknown, foreseen or unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated, legal or equitable) that Releasors or any of them ever had, now has, or hereafter can, shall, or may have in any capacity (whether class, individual, direct, derivative, representative, or any other capacity) on account of, or in any way arising out of, or relating in any way to any act or omission of the Releasees or the other named defendants/alleged co-conspirators or any third-party alleged co-conspirators (or any of them) that is alleged in the Wisconsin Actions before October 21, 2022, or that could have been alleged in the Wisconsin Actions or in any other proceeding alleging such acts or omissions (the "Released Claims"). All persons and entities who are Releasors are hereby barred and permanently enjoined from commencing, prosecuting, or continuing, either directly or indirectly any and all Released Claims against the Releasees in any action, lawsuit or proceeding. This Final Judgment Order shall not preclude Plaintiffs from pursuing any and all claims as set forth in the operative complaints or as permitted by law against any other defendants in the Wisconsin Actions other than the Releasees and shall not impede Plaintiffs' rights to pursue claims against any non-settling defendant or other entity, other than the Releasees, to recover for the full amount of Plaintiffs' and Class Members' damages or other due recovery arising from the collusive conduct alleged in the operative complaints. As defined in the Agreement:

      a.    "Releasors" means the individual Plaintiffs (the named representatives of the Wisconsin Class) and each of the Class Members, on behalf of themselves and any person or entity claiming by or through them as, including without limitation, their respective predecessors, successors, and assigns; and their past and present officers, directors, employees, agents, principals, stockholders, attorneys, servants, representatives, parents, subsidiaries, affiliates,

7

partners, insurers, and all other persons or entities with whom any of the foregoing have been, or are now, affiliated, and the predecessors, successors, heirs, executives, administrators, and assigns of any of the foregoing; and

b.   "Releasees" means, jointly and severally, individually and collectively, The Williams Companies, Inc., Williams Merchant Services Company LLC (f/k/a Williams Merchant Services Company, Inc.), and WPX Energy Marketing, LLC (f/k/a Williams Power Company, Inc.), and all of their respective past and present, direct and indirect, parents, subsidiaries, and affiliates and the predecessors, successors, and assigns of any of the above; and each and all of the present and former principals, partners, officers, directors, supervisors, employees, agents, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the foregoing.  "Releasees" does not include any other named defendant in the Wisconsin Actions or their successors.

12.    Neither the Agreement, the preliminary approval of the settlement and conditional certification for settlement purposes of the Wisconsin Class, nor this Final Judgment Order (nor any negotiations or documents associated with them) are to be deemed an admission of liability or fault by Williams or by the Releasees, or a finding of the validity of any facts, allegations, or claims asserted in the Wisconsin Actions, or of any wrongdoing or of any violation of law by Williams, or that any person has suffered any damage attributable to Williams, or an admission by Williams as to the certifiability of a litigation class in the Wisconsin Actions or in any other case.  Neither the Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings

connected with it, nor any other action taken to carry out the Agreement by any of the settling parties shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce the Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

13.     If for any reason this Final Judgment Order does not become "Final" as provided in Paragraph 14 of the Agreement, or if Williams thereafter exercises its unilateral option to rescind the settlement, terminate the Agreement, and withdraw consent to the entry of this Final Judgment Order, then: (i) any preliminary or final certification of the Wisconsin Class shall be automatically vacated, *nunc pro tunc*; (ii) all other provisions set forth in Paragraph 13 of the Agreement shall apply; and (iii) any and all amounts deposited by Williams into the Escrow Account (including interest earned thereon) shall be returned to Williams within ten (10) calendar days, less only disbursements made in accordance with Paragraphs 20 and 21 of the Agreement.

14.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over:  (a) implementation of this settlement and any distribution to Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by Plaintiffs' counsel for attorneys' fees, costs, expenses, and interest; (d) the Wisconsin Actions until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties has been performed pursuant to the Agreement; (e) hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and (f) all parties to the Wisconsin Actions and Releasors, for the purpose of enforcing and administering the Agreement and the releases and other documents contemplated by, or executed in connection with, the Agreement.

15.     Distribution of the settlement fund to Class Members shall be completed by February 28, 2024.

16.     The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that this Final Judgment Order should be entered and further finds that there is no just reason for delay in the entry of this judgment, as a final judgment, as to the parties to the Agreement.  Accordingly, the Clerk is hereby directed to enter judgment forthwith.

17.     Nothing in this Order shall be construed to expand the obligations of Williams under the Agreement or to impose on Williams any obligations other than those contained in the Agreement.

**IT IS SO ORDERED.**

Entered July 19, 2023                                    _/s/_ _____
                                                             James D. Peterson
                                                             District Judge

Entered this 20th day of July, 2023

s/ J. Titak, Deputy Clerk
Joel Turner, Clerk of Court