# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

ARANDELL CORPORATION, et al.,

      Plaintiffs,

v.

                                              CASE NO.: 3:07-cv-00076-jdp

XCEL ENERGY, INC., et al.,

      Defendants.

---

NEWPAGE WISCONSIN SYSTEM INC.

      Plaintiff,

v.

                                              CASE NO.: 3:09-cv-00240-jdp

CMS ENERGY RESOURCE MANAGEMENT
COMPANY, et al.,

      Defendants.

---

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT AS TO DYNEGY ILLINOIS INC., DMT G.P. L.L.C., DYNEGY GP INC., DYNEGY MARKETING AND TRADE, E PRIME, INC., NORTHERN STATES POWER COMPANY AND XCEL ENERGY INC.

This matter has come before the Court to determine whether there is any cause why this Court should not grant final approval to the settlement between Plaintiffs in the above-captioned action (the "Wisconsin Actions") on behalf of the Wisconsin Class, and Dynegy Illinois Inc., DMT G.P. L.L.C., Dynegy GP Inc., Dynegy Marketing and Trade, e prime, inc., Northern States Power Company and Xcel Energy Inc. (collectively "Defendants"), as set forth in the Settlement Agreement dated November 3, 2025 (the "Agreement"). The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined that it should grant final approval to the settlement.

1

Good cause appearing therefore, it is ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Wisconsin Actions and over all parties to the Agreement, including all members of the Wisconsin Class, based upon the Court's findings and conclusions herein that such settlement class members have been afforded the due protections of notice, an opportunity to be heard, a right to exclude themselves from the Wisconsin Class, and adequate representation. *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797 (1985).

2. All terms defined in the Agreement and used, but not otherwise defined, herein shall have the meanings ascribed to them in the Agreement, all of which are incorporated herein as though fully set forth in this Final Approval Order.

3. By its Preliminary Approval Order dated November 17, 2025, the Court certified a settlement class against Defendants under Federal Rule of Civil Procedure 23(b)(3). The Class is defined as follows:

a. "Wisconsin Class" means:

All industrial and commercial purchasers of natural gas for their own use or consumption during the period from January 1, 2000 until October 31, 2002, and which gas was used or consumed by them in Wisconsin. Excluded from the Class are: (a) entities that purchased natural gas for resale (to the extent of such purchase for resale); (b) entities that purchased natural gas for generation of electricity for the purpose of sale (to the extent of such purchase for generation); (c) entities that purchased natural gas from entities that sold natural gas at rates approved by the Wisconsin Public Service Commission (to the extent of such purchases at such approved rates);

(d) defendants and their predecessors, affiliates and subsidiaries; and (e) the federal government and its agencies.

b.    "Class Member" means each member of the Wisconsin Class who did not timely and properly elect to be excluded from the Wisconsin Class in accordance with the Class Notice previously approved by the Court.

c.    "Class Period" means the period from January 1, 2000, through October 31, 2002.

4.    The Wisconsin Actions are, for settlement purposes only, certified as a class action against Defendants pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure as to the Wisconsin Class. Such certification of the Wisconsin Class is appropriate because:

a.    The Court finds that the requirements of Rule 23(a) of the Federal Rules of Civil Procedure have been met in that:

(i)    Plaintiffs have demonstrated that, for purposes of the settlement class only, the Wisconsin Class is so numerous that joinder of all members is impracticable;

(ii)    Plaintiffs have demonstrated that, for purposes of the settlement class only, Plaintiffs' claims against Defendants and the defenses thereto present questions of law or fact common to the Wisconsin Class;

(iii)    Plaintiffs have demonstrated that, for purposes of the settlement class only, the claims against Defendants brought by the Plaintiffs in the Wisconsin Actions, as industrial and commercial purchasers of natural gas for their own use and consumption during the Class Period, are typical of the claims of, or defenses to the claims of, members of the Wisconsin Class against Defendants;

3

(iv)    Plaintiffs have demonstrated that, for purposes of the settlement class only, Class Counsel for the Wisconsin Class have fairly, adequately, and vigorously represented the interests of the Wisconsin Class as respects claims against Defendants; and

(v)    Plaintiffs have demonstrated that, for purposes of the settlement class only, and based on their active participation in discovery and the settlement, Plaintiffs in the Wisconsin Actions have fairly, adequately, and vigorously represented the interests of the Wisconsin Class as respects Defendants.

b.    The Court finds that, for settlement purposes only, the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure have been met in that:

(i)    Plaintiffs have demonstrated that, for purposes of the settlement class only, questions of law or fact relating to whether Defendants engaged in false or inaccurate reporting of natural gas transactions to the publishers of natural gas price indexes, or engaged in other unlawful conduct including natural gas wash trading or churning transactions, in furtherance of a conspiracy to manipulate prices for natural gas during the Class Period predominate over any questions affecting only individual members of any of the Wisconsin Class;

(ii)    Plaintiffs have demonstrated that, for purposes of the settlement class only, there are no competing actions or any suggestions that a more efficient alternative to the Wisconsin Actions against Defendants exists, and the Wisconsin Actions are the superior method for the fair and efficient adjudication of this controversy; and

4

(iii) Manageability for trial purposes is not an issue at the settlement stage and need not be considered in determining whether to certify the Wisconsin Class herein for purposes of settlement. *See Amchem Prods., Inc. v. Windsor*, 512 U.S. 591, 620 (1997).

c. Certification of the Wisconsin Actions as a class action, for the purpose of settlement, is desirable to facilitate resolution of complex litigation such as this litigation.

5. The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Wisconsin Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. In reaching this determination, the Court has, based upon the evidence presented and its independent inquiry, analysis, and due diligence, considered: (a) the serious questions of fact and law raised by Plaintiffs' claims and Defendants' potential defenses in the Wisconsin Actions; (b) the risk, expense, complexity, and likely duration of further litigation; (c) the risk of obtaining, and maintaining throughout trial and potential appeal, class action status; (d) the benefits of the settlement; (e) the extent of discovery completed and the stage of the proceedings; (f) the experience and views of counsel that the settlement is fair and reasonable; and (g) the reaction(s) of the Wisconsin Class members to the settlement (both as to the number of requests for exclusion from the Wisconsin Class and as to the number and nature of the objections to the settlement).

6. The Court hereby finds and concludes that the notice given to the Wisconsin Class complied with this Court's Preliminary Approval Order dated November 17, 2025, and that said notice was the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, including,

but not limited to, the form of notice and methods of identifying and giving notice to the Wisconsin Class of, inter alia, the settlement terms, their rights to object to or exclude themselves from the settlement (and the procedures to do so), and the Fairness Hearing. The Court further finds and concludes that the notice provided by Defendants pursuant to the Class Action Fairness Act complied with all requirements of 28 U.S.C. §1715.

7. Pursuant to Fed. R. Civ. P. 23(g), Kohner, Mann & Kailas, S.C., Perkins Coie LLP, and Polsinelli PC are appointed as co-counsel for the Wisconsin Class. These firms have and will fairly, adequately, vigorously, and competently represent the interests of the Wisconsin Class. In particular, the Court finds that the Agreement is the result of extensive, good-faith arm's-length negotiations between the parties, and not the result of any collusion or reverse auction.

8. As of the January 31, 2026 deadline designated in this Court's Preliminary Approval Order, no persons/entities requested exclusion from the Wisconsin Class. Because no member of any of the Wisconsin Class submitted a timely and valid request, or indeed, any request for exclusion from the Wisconsin Class, all members of any of the Wisconsin Class are hereby: (i) barred from asserting otherwise; and (ii) bound by the terms of the Agreement, including the releases of claims, and by this Final Approval Order.

9. There were no objections filed to this settlement. Any member of the Wisconsin Class who failed to object or seek to intervene is conclusively deemed to have waived the right to object or intervene and is barred from raising any objection to the settlement or this Final Approval Order in this or any other proceeding, including in an appeal.

10. Pursuant to Paragraph 17 of the Agreement, Releasees are hereby completely released, acquitted, and forever discharged by Releasors from any and all claims, demands, actions, suits, causes of action for injuries, losses, damages, or other consequences of every nature (whether known or unknown, foreseen or unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated, legal or equitable) that Releasors or any of them ever had, now has, or hereafter can, shall, or may have in any capacity (whether class, individual, direct, derivative, representative, or any other capacity) on account of, or in any way arising out of, or relating in any way to any act or omission of the Releasees or the other named defendants/alleged co-conspirators or any third-party alleged co-conspirators (or any of them) that is alleged in the Wisconsin Actions before November 3, 2025, or that could have been alleged in the Wisconsin Actions or in any other proceeding alleging such acts or omissions (the "Released Claims"). All persons and entities who are Releasors are hereby barred and permanently enjoined from commencing, prosecuting, or continuing, either directly or indirectly any and all Released Claims against the Releasees in any action, lawsuit or proceeding. As defined in the Agreement:

    a.    "Releasors" means the individual Plaintiffs (the named representatives of the Wisconsin Class) and each of the Class Members, on behalf of themselves and any person or entity claiming by or through them as, including without limitation, their respective predecessors, successors, and assigns; and their past and present officers, directors, employees, agents, principals, stockholders, attorneys, heirs, representatives, parents, subsidiaries, affiliates, partners, insurers, and all other persons or entities with whom any of the foregoing have been, or are now, affiliated, and the

predecessors, successors, heirs, executives, administrators, and assigns of any of the foregoing; and

b.    "Releasees" means, jointly and severally, individually and collectively, Dynegy Illinois Inc., DMT G.P. L.L.C., Dynegy GP Inc., Dynegy Marketing and Trade, e prime, inc., Northern States Power Company and Xcel Energy Inc., and all of their respective past and present, direct and indirect, parents, subsidiaries, and affiliates and the predecessors, successors, and assigns of any of the above; and each and all of the present and former officers, directors, employees, agents, principals, stockholders, attorneys, heirs, representatives, parents, subsidiaries, affiliates, partners, insurers, and assigns of each of the foregoing. "Releasees" does not include any other named defendant in the Wisconsin Actions or their successors.

11.    Neither the Agreement, the preliminary approval of the settlement and conditional certification for settlement purposes of the Wisconsin Class, nor this Final Approval Order (nor any negotiations or documents associated with them) are to be deemed an admission of liability or fault by Defendants or by the Releasees, or a finding of the validity of any facts, allegations, or claims asserted in the Wisconsin Actions, or of any wrongdoing or of any violation of law by Defendants, or that any person has suffered any damage attributable to Defendants, or an admission by Defendants as to the certifiability of a litigation class in the Wisconsin Actions or in any other case. Neither the Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out the Agreement by any of the settling parties shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except

in a proceeding to enforce the Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

12.     If for any reason this Final Approval Order does not become "Final" as provided in Paragraph 14 of the Agreement, or if Defendants thereafter exercise their unilateral option to rescind the settlement, terminate the Agreement, and withdraw consent to the entry of this Final Approval Order, then: (i) any preliminary or final certification of the Wisconsin Class shall be automatically vacated, *nunc pro tunc*; (ii) all other provisions set forth in Paragraph 13 of the Agreement shall apply; and (iii) any and all amounts deposited by Defendants into the Escrow Account (including interest earned thereon) shall be returned to Defendants within ten (10) calendar days, less only disbursements made in accordance with Paragraphs 20 and 21 of the Agreement.

13.     Distribution of the settlement fund to Class Members shall be completed by September 30, 2026.

14.     Nothing in this Order shall be construed to expand the obligations of Defendants under the Agreement or to impose on Defendants any obligations other than those contained in the Agreement.

15.     As agreed by the parties, the court will refrain from entering judgment and dismissing the case with prejudice until Defendants meet their obligations under the settlement agreement. The parties may have until May 15, 2026, to confirm that Defendants have met their payment obligations or to provide a status update to the court.

IT IS SO ORDERED.

Dated: _MARCH 27, 2026_

_____
Hon. James D. Peterson
United States District Judge

9